**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4254

DARIUS GOODS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-168)

Submitted: July 21, 1999

Decided: August 4, 1999

Before WILLIAMS, MOTZ, and TRAXLER,
Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

David Schles, Charleston, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, Miller A. Bushong III, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darius Goods pled guilty to a one-count indictment charging that he possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) (1994), and was sentenced to a term of 144 months imprisonment. He challenges his sentence on appeal, asserting that the district court erred in denying him an adjustment for acceptance of responsibility because he did not testify at the sentencing hearing. See U.S. Sentencing Guidelines Manual § 3E1.1 (1997). He also argues that two criminal history points were incorrectly assigned for a ninety-day New Jersey sentence for contempt. See USSG § 4A1.1(b). We affirm in part, vacate in part, and remand for resentencing.

Goods was arrested with one kilogram of cocaine powder. After his guilty plea to possession of cocaine with intent to distribute, he contested the amount of drugs attributed to him in the presentence report, disputing information provided to the government by William Sales, another drug dealer. The government called Sales as a witness at sentencing. Goods chose not to testify on the advice of counsel, but proffered that he admitted certain portions of Sales' testimony and denied other portions. The district court found that Sales' uncorroborated testimony was not sufficiently credible to rely on in sentencing Goods. The court considered only the kilogram of cocaine Goods possessed at his arrest and two ounces of crack which Goods did not deny selling to Sales. However, the court denied Goods an adjustment for acceptance of responsibility, stating:

> And the Court does not choose to grant acceptance of responsibility under these circumstances with the-- considering the cagy way in which the defense put forth its defense, and I'd like to know more about this, but the defendant has chosen not to take the stand and not to subject himself to cross-examination, and I have to attribute a lack of candor on his part in not taking the stand.

2

Goods objected to two criminal history points that the probation officer awarded for a 1995 ninety-day New Jersey municipal court sentence for contempt resulting from his failure to abide by the conditions of a diversionary sentence he had received two years earlier. Goods argued that the state court record did not reveal whether he was represented by counsel.**1** Relying on information from the probation officer that all defendants in New Jersey are supplied with court-appointed counsel unless they waive representation or retain their own attorney, the district court decided that the evidence showed that counsel had been offered to Goods and he had waived it. Goods presented no evidence.

On appeal, Goods first contests the district court's decision to deny him an adjustment for acceptance of responsibility. **2** Goods asserts that he admitted all the relevant conduct that the court found to be true, and that the district court's only reason for denying him the adjustment was that he did not testify concerning the amount of drugs he sold. The court did not draw any adverse factual inferences from Goods' silence which affected its determination of the relevant conduct. The court did, however, deny Goods the acceptance of responsibility adjustment because of his refusal to testify about additional criminal conduct.

Application Note 1 to § 3E1.1 provides as follows:

_____

**1** Goods also objected to one criminal history point assigned for the 1993 diversionary sentence, but at sentencing he conceded that the court record showed that he had waived counsel.

**2** This case was previously placed in abeyance for <u>Mitchell v. United States</u>, 119 S. Ct. 1307 (1999). In <u>Mitchell</u> , the Supreme Court held that a defendant who pleads guilty retains his Fifth Amendment privilege against self-incrimination through the sentencing proceeding "with regard to factual determinations respecting the circumstances and details of the crime." <u>Id.</u> at 1315. No adverse factual inference may be drawn from a defendant's silence at sentencing. <u>See id.</u> The Court did not decide whether a defendant's silence at the sentencing hearing "bears upon the determination of a lack of remorse, or upon acceptance of responsibility for purposes of the downward adjustment provided in § 3E1.1." <u>Id.</u> at 1316.

> [A] defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.

USSG § 3E1.1, comment. (n.1(a)).

The district court here did not hold that Goods' decision not to testify demonstrated a lack of remorse, but rather based its denial of the adjustment solely on his unwillingness to give information about his dealings with Sales. Because the district court gave no reason for denying the adjustment other than Goods' refusal to provide information about additional criminal conduct, we find that the district court erred in denying him the adjustment on that ground. We are therefore constrained to vacate the sentence in part and remand for further proceedings on this issue.

Concerning the district court's determination of his criminal history, Goods argues on appeal that the question is whether he could challenge his 1995 state contempt conviction at a federal sentencing hearing on the ground that he was denied counsel. Under Custis v. United States, 511 U.S. 485, 496 (1994), a defendant may indeed challenge a prior conviction on this ground. However, the district court did not hold otherwise. The court considered the issue on the merits and held that the evidence showed that Goods had the opportunity for counsel and waived it. The defendant bears the burden of showing by a preponderance of the evidence that a prior conviction was invalid. See United States v. Jones, 977 F.2d 105, 110 (4th Cir. 1992); see also Parke v. Raley, 506 U.S. 20, 28-34 (1992) (presumption of regularity attached to final judgments makes it appropriate that defendant have burden of showing irregularity of prior plea). Here, Goods failed to make an affirmative showing that he was denied counsel.[3] Therefore, the district court did not err in awarding two criminal history points for the 1995 sentence.

_____

[3] Goods states in his appeal brief that "no evidence was produced tending to cast doubt on [his] assertion that he was not represented by counsel and did not waive his right to counsel." Our review of the record discloses that Goods did not make this assertion at sentencing. Rather, he argued that the state court records did not show conclusively that he either had counsel or waived it in connection with the 1995 conviction.

4

We therefore affirm the court's ruling concerning criminal history. We vacate the sentence and remand for further proceedings concerning acceptance of responsibility. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5